JOHN BROCK and W. H. PRITCHFORD, Appellants, *v.* BRUCE, HERRICK and Others, Respondents.

A County Court has no jurisdiction to enforce a mechanic's lien, where the amount in controversy exceeds two hundred dollars.

APPEAL from the District Court of the Eleventh Judicial District, El Dorado County.

This action was brought to recover the possession of certain property in El Dorado county. The title relied upon by the plaintiffs was derived from a sale made by the Sheriff, by virtue of an execution issued out of the County Court of said county.

The execution was upon a judgment rendered in the County Court in a suit to enforce a mechanic's lien, in which the amount in controversy was greater than two hundred dollars.

The Court nonsuited the plaintiffs, and they appealed.

*Newell* and *Williams*, for Appellants. .

The Court erred in granting the nonsuit. The County Court is clothed by statute with jurisdiction to enforce a mechanic's lien. Sec. 44, chap. 5 of an Act concerning the Courts of Justice of this State, and Judicial Officers, passed May 19, 1853. Bottomly *v.* Grace Church, 2 Cal., 91.

*Robertson, Anderson* and *Hume*, for Respondents, in support of the nonsuit cited Caulfield *v.* Hudson, 3 Cal., 389. Reed et al, *v.* McCormack, 4 Ib., 342. Burgoyne *v.* The Supervisors of San Francisco, 5 Ib. Parsons *v.* The Tuolumne Water Company, 5 Ib., 43.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., and BRYAN, J., concurred.

The only question involved is whether the County Court has jurisdiction to enforce a mechanic's lien where the amount in controversy exceeds two hundred dollars.

It is contended that this is a special case within the meaning of the 9th section of the 6th Article of the Constitution of this State. In

Parsons *v* The Tuolumne Company we held that the words special cases were intended to embrace those cases that are the creation of statute, and the proceedings under which are unknown to the general frame-work of Courts of Common Law and Equity. Proceedings to enforce a mechanic's lien cannot properly be said to come within this definition. The mechanic is entitled to receive compensation for his labor and materials, and may enforce his right by suit in Courts of General Jurisdiction. Thus far he stands upon the same footing as other litigants in the assertion of a right, to which the law is adequate, to furnish a remedy. In addition to this the law of this State has superadded a new security, which provides that by complying with certain regulations, the property itself shall be liable for the debt; in other words it creates a sort of mortgage or security, which follows the original debt or obligation, and which may be enforced upon the Chancery side of the District Courts precisely as any other species of mortgage or equitable lien in a Court of Chancery. It follows that the County Court had no jurisdiction.

Judgment affirmed, with costs.