[No. 3,105.]

## LACORE ET AL. *v.* LEONARD ET AL.

JUDGMENT MODIFIED—MECHANICS' LIEN.—Where a lien had expired before the commencement of the action to foreclose it, and judgment of foreclosure was taken by default: *held,* that it was not error for the Court, of its own motion, on the day following the rendition of judgment, to modify the judgment to a money judgment only.

APPEAL from the District Court of the Tenth Judicial District, County of Sierra.

The lien was filed February 28th, 1870, under the Act of March 30th, 1868. The complaint was filed on the twenty-eighth of May following, and the summons was issued October 25th, 1870. The plaintiffs obtained a judgment of foreclosure by default, and on the next day, without notice, the Court modified the judgment to a money judgment only. The plaintiffs appealed from the modified judgment.

*Creed Haymond,* for Appellants, argued that by analogy to the Statute of Limitations, the defendants having failed to plead the limitations in the lien law, should be held to have waived it; and that the Court had no authority to set aside the judgment of its own motion. (*Chester* v. *Miller,* 13 Cal. 561.)

*Van Clief,* for Respondents, argued that the ninety days having expired before the commencement of the suit, there was nothing to support a judgment of foreclosure. As to the time for commencing action in such cases, he cited *Flandreau* v. *White,* 18 Cal. 629.

By the COURT:

The plaintiff's lien had expired before his action was commenced. He took judgment foreclosing the lien, and directing a sale of the property by default; but on the next

day, the matter being called to the attention of the Court, it was ordered that the judgment be so modified as to give him a money judgment only. There was no error in the action of the Court in this respect.

Judgment affirmed.