Rose vs. West.

Sarah F. Rose, plaintiff in error, vs. William D. West, defendant in error.

1. When a bill was filed to recover of the defendant a parcel of land, and the sole ground for coming into equity was the allegation that the rents and profits were of great value, and the defendant was insolvent, and the Chancellor was asked to appoint a receiver, and impound the rents and profits until a hearing could be had and a decree rendered, and the prayer for the appointment of a receiver was not insisted on, either in vacation or at the first term, by any motion to grant the prayer :

Held, That the defendant might, even at the second term, move to dismiss the bill for want of equity.

2. When on the trial of a bill to recover the possession of a parcel of land, the defendant disclaimed title to the land sued for, and denied possession of the same at any time, and the parties went to trial on the issue as to mesne profits alone, and it appeared that the complainant claimed under a deed from the defendant, which he sought to prove included the land sued for, although the description in the deed showed that if such was the intention there was a mistake in the deed :

Held, That it was improper to allow the jury to consider the question of mistake without some allegations in the bill charging such mistake and praying relief on that ground.

3. Whether the defendant was indebted for mesne profits or not depended entirely on whether she was in possession of plaintiff's land, and this was, as the pleadings stood, dependent on the plaintiff's deed and on the description of the land therein. If that was a mistake, such mistake should have been charged in the bill, so that the true rights of the parties might be ascertained and decided.

4. We think Mrs. Rose was a competent witness in this case in the issue before the jury, to-wit: the mesne profits, even though Henderson was dead.

5. Any admissions by the grantor in a deed going to show a mistake in the deed, are good evidence against the grantor, but such admissions are not conclusive unless acted on by the party seeking to prove them.

6. We think, in this case, that the true issues between the parties have not been fairly passed upon, and that a new trial should be had, so that, after proper amendments, the whole matter may be fully inquired into, and the rights of the parties be settled.

Equity. Mistake. Mesne profits. Witness. Admissions. New trial. Before Judge Hopkins. Fulton Superior Court. April Term, 1873.

West filed his bill against Rose; making, substantially, the following case:

Rose *vs.* West.

On November 5th, 1866, the defendant being possessed, in her own right, of all that tract or parcel of land, situate, lying and being in the fourteenth district of originally Henry now Fulton county, known as city lots numbers nineteen and twenty, being part of land lot number eighty-three, each lot fronting on Rock street, in the city of Atlanta, one hundred feet, and running back, in parallel lines at right angles to said street, two hundred feet, more or less, sold and conveyed said property to one James C. Henderson. On January 18th, 1867, complainant purchased from said Henderson a portion of said property, described as follows : " Part of city lot number twenty, in the city of Atlanta, county of Fulton, fronting on Rock street fifty feet, running back two hundred feet, more or less, containing one-fourth of an acre, more or less, bounded on the north by land of J. C. Henderson, and on the south by that of C. Sherwood." Complainant paid $600 00 to Henderson for said lot, and was placed in immediate possession of the same. This purchase was made in good faith, and without any notice, actual or constructive, of any claim to said lot. On March 14th, 1870, complainant was in possession of said lot by his tenant, John Downdes, when the defendant sued out the usual proceedings against complainant as an intruder, placed the warrant in the hands of the sheriff of said county, and said sheriff, the defendant and her attorney, went to said lot in the night time, in the midst of a storm of rain and sleet, and without authority of law, either by menaces, threats, or by collusion with said Downdes, induced him to attorn to defendant, he never having been actually ejected from said premises. On the succeeding day the defendant took possession in person. On June 4th, 1870, complainant instituted proceedings against said defendant as an intruder. She made the usual counter-affidavit, and the papers were returned by the sheriff to the Superior Court. It will thus be seen that the defendant has been illegally and wrongfully placed in possession of complainant's property, under color of a statutory proceeding, which was a mere nullity as against his tenant. Complainant will, without the interposition of the

Court, be forced to sue for the same in a tedious action of ejectment, which, owing to the large amount of business on the dockets of the Superior Court, will last for several years, during which time the *mesne* profits of said property will be enjoyed by the said defendant. The property is worth $15 00 per month rent. The defendant is insolvent and cannot be made to respond in damages, or for said *mesne* profits in the event complainant should be successful in said action of eject-ment. The claim of defendant to said property is frivolous and without reason, and as complainant is obliged eventually to recover, the only real question is whether she will be al-lowed to enjoy the *mesne* profits under the aforesaid circum-stances, pending the litigation. Complainant also fears that said defendant will further embarrass the enforcement of any order that may be had herein, in and about said property, by applying to have the same set apart to her as a homestead.

Prayer, that the defendant be enjoined from seeking to have said property set apart as a homestead, and from taking any steps to affect the title or possession of the same; that a receiver be appointed and placed in possession of said pro-perty, with instructions to rent the same to the best advan-tage, and to hold the proceeds subject to the order of the Court ; that upon a final hearing complainant be restored to the possession of his said property, that his title may be by decree confirmed, and that the defendant be perpetually en-joined from disputing complainant's title. That such further relief be granted as the nature of the case may require ; that the writ of subpœna may issue.

At the first term of the Court (November term, 1870) the defendant filed her answer, in which she alleged that the deed from her to Henderson was fraudulently obtained, and that she was not in the possession of the property conveyed by Henderson to complainant. At the July term, 1870, she filed a formal disclaimer of title.

It did not appear that the prayer for the appointment of a receiver had been insisted on by motion at any time from the filing of the bill to the final trial.

Rose *vs.* West.

Upon the trial the defendant moved to dismiss the bill for want of equity. The motion was overruled and the defendant excepted.

As the defendant had disclaimed title to the property covered by the deed under which complainant claimed, the attempt was made to recover said land and *mesne* profits, under said bill, by showing that the deed from the defendant to Henderson and the deed from Henderson to complainant were intended to cover said lot in possession of and claimed by defendant, and that the description therein contained failed to do so by mistake. No amendment was offered to the bill, but the case, as then presented by the pleadings, went to trial upon the issue of mistake.

The evidence is unnecessary to an understanding of the decision.

The jury returned the following verdict :

" We, the jury, find for complainant with the rent at the rate of $15 00 per month, from the time she was put in possession, which was March 8th, 1870 ; and we further find that the defendant was in possession of said property at the commencement of this suit, being the same where the defendant now resides, and we further find that the complainant is entitled to immediate possession.

" JOSEPH THOMPSON, Jr., *Foreman.*"

The defendant moved for a new trial upon the following, among other grounds :

1st. Because the Court erred in overruling the motion to dismiss complainant's bill for want of equity.

2d. Because the Court erred in holding the defendant to be an incompetent witness as to the *mesne* profits, on the ground that James C. Henderson was dead.

3d. Because the Court erred in the following charge to the jury : " Inquire if there was a deed made by Mrs. Rose to Henderson for property, then whether part of that property transferred from Mrs. Rose to Henderson was conveyed by him to complainant West, and whether it is now the pro-

perty in dispute.  If you find she had title and conveyed it by deed to Henderson, and he conveyed it by deed to this complainant, that would entitle him to recover the property from her in the absence of a defense."

4th. Because the Court erred in the following charge to the jury : " Look to the deed from Henderson to West, complainant; see to the description of the property which he claims to have purchased from Henderson; then look to all the testimony in the case, no matter from whom it comes, and see what property, what particular piece of land that description in the deed was intended by the parties to apply to ; see to what piece of land they intended, at the time, that description should apply."

5th. Because the Court erred in continuing the foregoing charge to the jury, as follows : " When you have ascertained that, see whether that piece of property is embraced in the deed said to have been made by Mrs. Rose to Henderson; and if it is that piece of property, complainant would have the right to recover."

6th. Because the Court erred in the following charge to the jury : " Does the proof show that at the commencement of this suit Mrs. Rose was in possession of that property, of that particular piece of land to which the parties intended that description to apply ; if it does, and is embraced in the deed from Mrs. Rose to Henderson, and from him to West, he would have the right to recover."

7th. Because the Court erred in the following charge to the jury : " Papers have been admitted which it is said contain admissions or statements of Mrs. Rose in reference to the property ; this testimony is not admitted for the purpose of proving title to property out of her.   Look to the deeds, the titles, for that ; the papers are admitted for the purpose of throwing light on the inquiry as to what the parties intended these descriptions to apply."

8th. Because the Court erred in refusing the following charge: " That the description of property in the pleadings and affidavits made by Mrs. Rose are not evidence of title ; nor are

Rose *vs.* West.

any admissions or statements made by her touching the lots, or numbers of lots, evidence of title against her, nor will they estop her, if they were not made to the plaintiff by her and acted upon by him."

The motion was overruled, and the defendant excepted upon each of the grounds aforesaid.

COLLIER, MYNATT & COLLIER; THRASHER & THRASHER, for plaintiff in error, cited Code, sec. 3735; 38 Ga., 46.

HILLYER & BROTHER, for defendants.

1st. On motion to dismiss: Code, secs. 3026, 3040, 3115, 3121, 3045, 265, 3043, 4132, 4133, 4141; 7 Ga. R., 242; 27 *Ibid.*, 233; *Ibid.*, 352; 32 *Ibid.*, 257; 37 *Ibid.*, 335; 36 *Ibid.*, 595; 3 *Ibid.*, 117; 39 *Ibid.*, 421; *Ibid.*, 342.

2d. On subject of admissions of Sarah F. Rose: Code, secs. 3731, 3732, 3738; 17 Ga. R., 449.

3d. Discretion of Judge in refusing new trial not controlled: 40 Ga. R., 135; 37 *Ibid.*, 258; *Ibid.*, 235.

McCAY, Judge.

We recognize the general rule laid down by this Court in *Hargroves vs. Jones*, 27 *Georgia*, 233, that a demurrer to a bill, on the ground that the complainant has an adequate remedy at law, cannot be put in at the trial term. But that is a mere rule of practice, and cannot apply to a case where the plaintiff had, at the appearance term, equity in his bill, and which he had abandoned before and at the trial term. The only reason presented in the original bill to justify equitable interference was the allegation of the valuable rents, the insolvency of the defendant, and the prayer for the impounding of the rents to await the final hearing. At the first term that petition was a pending petition; there might be, under the charges of the bill, a necessity for the action of the Court, and at that time there was no remedy at law for what the complainant desired. But for some reason, the first term and the intervening vacation was allowed to pass and no motion made,

or proceeding had, to treat as a serious thing the only charges in the bill that justified the interference of chancery in the dispute between the parties. At the trial term, or at any rate when the case was called, the petition for a receiver was absurd. Before the receiver could take possession, the necessity for his appointment would cease; certainly before any rents could accrue, this would be so. We think, therefore, under the peculiar facts of this case, the motion to dismiss was not too late. But, as the bill might have been, and still may be, amended so as to charge a mistake in the deed to Henderson and pray a reformation, we do not think the decision of this point covers the case.

On the issue on trial Mrs. Rose was a competent witness, notwithstanding the death of Henderson. The debt for *mesne* profits, if it existed, was a debt from her to West, implied from her possession of West's land; or if it be considered damages for trespass the wrong is to West. She could not testify as to facts transpiring between her and Henderson at the making of the deed, since she is a party to the deed, and Henderson, West's warrantor, is dead. But she may be a witness in the issue as it arises between her and West. She may explain, if she can, the acts of admission which are proven against her, and she may testify to any transactions since the date of the deed to West, bearing upon the rights which West may have, which Henderson does not have.

We do not think the real rights of the parties have been fairly heard and passed upon. This verdict is only sustainable as the pleadings stand on the idea that the deed to Henderson covers the land in dispute, by the *words in which it describes* the land it conveys. If the jury have treated the deed to Henderson as a mistake, if they have found this verdict on the ground that though the Henderson deed does not, by its words, convey this land, yet that such was the intent of the parties, the verdict is wrong. We think the charge of the Court was calculated to authorize the jury to do this, and we feel, in reading over the testimony, that they must have done this.

The distinction taken in the argument between a misnomer of the land, calling it by a wrong number and a mistake, though plausible, is not sound, at least it is not probable the jury were so nice in their discrimination.

The case ought to be tried on proper allegations of a mistake in the deed. It is clear to us from the testimony, that the deed to Henderson does not, by its words, convey this land, and we are strongly inclined to the opinion that it was the intent of the parties to it that it should do so. If it was fraudulent it cannot be reformed, except in favor of one who has been misled by Mrs. Rose's own acts.

We express no opinion as to how West stands in this respect. There may be something in the fact that Henderson had possession of this particular land under the deed, by Mrs. Rose's consent, and this might be a strong element of equity in West's favor. At any rate, we think there ought to be a new trial, when the real dispute shall be fairly heard, not on matters of pleading, but on the real, legal and equitable rights of the parties.

Judgment reversed.