Louisiana Western Railroad Company vs. Hopkins, Kennedy, et al.

No. 8164.

LOUISIANA WESTERN RAILROAD COMPANY VS. HOPKINS, KENNEDY, ET AL.

Act No. 21 of the Legislature of 1878, chartering the Louisiana Western Rail Road Company, and giving it, (sect. 6,) the right to embrace several landholders as defendants in one expropriation suit, does not make the judgment in the premises appealable, on the score that the aggregate amount allowed to all such defendants, exceeds $1000, though the amount allowed to each respectively, is less than that sum.

The proceeding in such case cannot be assimilated to a *concursus* of creditors.

The Act in question did not and could not, under the Constitution, attempt to regulate the jurisdiction of this Court.

The consolidation of two distinct suits between the same parties, in each of which the matter in dispute is less than $1000, does not vest this Court with jurisdiction.

APPEAL from the Twenty-Fifth Judicial District Court, parish of Lafayette. *Mouton*, J.

*Breaux & Hall* for Plaintiff and Appellant :

First—There was no partition of the plot of ground sought to be expropriated from the Boudreaux heirs nor of the grading thereon, the joint and undivided value whereof is in contest. Rec. p. 36-7-8.

Second—Where suits are consolidated by consent of all parties, and one judgment is to be rendered, the actions must be considered as one in relation to the matters in dispute, and the joint amount involved is the test of jurisdiction on appeal. Heirs of Ballio vs. Prudhomme et al., 8 N. S. 338; Bowman et al. vs. New Orleans, 27 An. 501; State ex rel. Murtagh vs. The Judge of the Eighth Court, 23 An. 761; Marshall & James vs. Fall & Co., 9 An. 92; Lartigue vs. White et al., 25 An. 291; Galt vs. O'Callaghan, 2 An. 984.

Third—Where suits have been consolidated by consent, and the plaintiffs have been condemned in one judgment and suit to pay an appealable amount, the appellate court has jurisdiction. Rhodes vs. Schofield, 6 An. 352.

*M. E. Girard* and *E. Simon* for Defendants and Appellees.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff has taken this appeal from a judgment homologating the report of arbitrators in a suit for expropriation of lands, brought by the company against fourteen different parties, whose lands were necessary for its right of way, and could not be obtained without judicial process.

In support of their motion to dismiss the appeal, defendants urge, among other reasons, that this Court is without jurisdiction, on the ground that the matter in dispute as to each party does not exceed one thousand dollars exclusive of interest.

Plaintiff in its petition alleged no value as to any of the tracts of land sought to be expropriated, and hence our jurisdiction must be tested by the amounts allowed to the respective parties by the award of the arbitrators, as homologated by the lower court, and which are as follows:

Louisiana Western Railroad Company vs. Hopkins, Kennedy, et al.

To Hopkins, one of the defendants..........................$681 00
To Kennedy...............................................  434 25
To Zéphirin Boudreaux....................................  656 00
To the Lawrence minor heirs..............................  315 00
To the heirs of age of Olivier Boudreaux, ten in number, sued
    separately............................................. 2200 00

Plaintiff contends that these defendants were joined in one expropriation proceeding, under the express authorization in its charter, to be found in section 6 of Act 21 of 1878, which provides that the petition " may embrace as many distinct parcels of land, though belonging to different parties, as the said company shall think proper to include in one application," and that the aggregate amount allowed by the judgment to all the defendants collectively should be the test of our jurisdiction, as in the case of a *concursus*, in which the entire value is to be distributed ratably among the several owners.

We cannot assent to this proposition. We think that the object of the Legislature, in allowing the cumulation of several demands in one application, was for the purpose of facilitating the company in acquiring its right of way so as to expedite the construction of its road as a work of public utility, and for the purpose of curtailing the costs which would be incurred in the appointment and organization of several or many boards of arbitrators. But we cannot conceive that the statute can have any effect on the jurisdiction of this Court, which must deal with each land owner as a separate and distinct party, entitled to rights personal to himself and independent of those of his co-defendants. There is no community of interest between the various defendants; the evaluation of the lands and damages of each must be made separately, and the adjudication affects each separately and distinctly, as though they had been made defendants in so many different suits.

If the company had been satisfied with the award and judgment, and an appeal had been taken by one of the defendants, he certainly could not have invoked the entire value of the lands expropriated as the test of our jurisdiction. He would have been limited and confined to the vindication of his own separate and distinct interest, and the amount allowed to him by the award would have been held to constitute the matter in dispute. The company can claim no greater rights than any of its opponents, and must be governed by the same rule.

Plaintiff is also in error in assimilating this proceeding to a *concursus* in which a fund is to be distributed, and the amount of which is the matter in dispute.

This position is antagonized by the very object of this appeal, which is to reduce the aggregate amount of the award, and is predicated upon

the assumption that the amount of the fund to be distributed is not yet determined, but is the very issue involved in the appeal.

An admission by the company that the matter in dispute is the aggregate amount allowed by the award, would be an admission of the correctness of the judgment appealed from, and would at once do away with the appeal. Hence we conclude that the only right conferred by the section of the statute relied upon, is the power of the company to join as defendants in one suit separate land owners, who could not otherwise be joined in one action, and that by such legislation the lawgiver did not, as he could not, attempt to regulate the jurisdiction of this or any other court whose jurisdiction is defined by the Constitution.

Plaintiff further contends that several awards amount separately to more than one thousand dollars each, but fails to point out which, if any, case comes under this category.

He, doubtless, refers to the award in favor of the heirs of Olivier Boudreaux, which was for $2200, and to Hopkins, to whom the judgment allows $681, in the expropriation proceedings, and $1000 in the suit for injunction and damages, which he had instituted against plaintiff, and which by consent of parties was consolidated with the application for expropriation.

The record shows that the heirs of Olivier Boudreaux, ten in number, were sued separately and by name, each for his individual share; and from an act of partition offered in evidence by plaintiff, it appears that, as far back as April, 1878, these heirs had divided among themselves, in kind and by lots, the very lands in question. Each heir is, therefore, entitled, in his own separate right, to one-tenth of the award of $2200, and that share is the amount which is in dispute as to each of said heirs.

As to Hopkins, he was plaintiff in the injunction suit, and defendant in the other ; the causes of action were different and distinct in the two suits, and it is untenable to argue that the two amounts involved in the two cases can be cumulated for the purpose of determining our jurisdiction of this appeal.

Considering, therefore, that our jurisdiction in this case must be tested by the amount involved as to each land owner, and in each distinct suit, and that none of the parties has in any one suit an interest in an amount exceeding one thousand dollars, we conclude that we have no jurisdiction. Morgan's La. & Texas R. R. vs. Bourdier & Bellesein, 32 An., not reported; 30 An. 609; 29 An. 108; 28 An. 172; 18 An. 136.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.

Justice TODD takes no part in this decision, being related to one of the parties.