[Sac. No. 584.  Department Two.—December 29, 1899.]

WILLIAM T. MILLER et al., Respondents, v. J. O. CARLISLE et al., Defendants.    J. O. CARLISLE, Appellant.

<div style="float:right">

127   327
f127  332

127 327
138 429

</div>

MECHANICS' LIENS—INVALID CLAIMS OF LIEN—SEVERAL DEMANDS BELOW JURISDICTION—JOINT PERSONAL JUDGMENT.—In an action to foreclose several mechanics' liens, where the demand of each claimant is less than three hundred dollars, if the liens claimed are invalid, and the equity jurisdiction to enforce them fails, the superior court has no jurisdiction to render a personal judgment against the owners of the land. Such judgment, if rendered, must be several and not joint; and the several demands cannot be cumulated for the purpose of jurisdiction. A joint personal judgment in favor of several plaintiffs, for a sum in excess of three hundred dollars, the respective demands being severally less than that sum, cannot be sustained.

APPEAL from an order of the Superior Court of Butte County denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellant.

Warren Sexton, for Respondents.

BRITT, C.—The plaintiffs, five in number, united in this action to enforce their several alleged liens for labor done by them, respectively, upon certain mining ground at the instance of the defendants Carlisle and Boggs. Such liens are asserted in virtue of the statute relating to liens of mechanics and others upon real property. (Code Civ. Proc., sec. 1183 et seq.) The demand of each plaintiff is set forth in a separate count of the complaint, and the sum claimed is in each instance less than three hundred dollars, though the aggregate of the several claims is above eleven hundred dollars. After trial the court below made findings declaring, among other things, that "the liens of plaintiffs do not attach to said land," but that there is due to the plaintiffs from the defendants Carlisle and Boggs personally the sum of six hundred and fifty-two dollars; judgment against said defendants was accordingly entered in favor of the plaintiffs jointly. Carlisle moved for a new trial, which was denied, and he has appealed from the order made in that behalf.

The statute pertaining to this subject provides that "any number of persons claiming liens may join in the same action, and when separate actions are commenced the court may consolidate them." (Code Civ. Proc., sec. 1195.) Under the constitution, article VI, section 5, the superior court has no jurisdiction in cases at law for the recovery of pecuniary demands below three hundred dollars in amount; and the appellant insists that since the plaintiffs failed to establish their liens, and the sums of money claimed by them are severally less than three hundred dollars, the court should have refused to consider any evidence of the personal liability of defendants, for the reason that the claims against them personally were not within the jurisdiction. The matter is of some importance, since claims of the class here involved are very commonly for less than three hundred dollars, and the holders must proceed in

the superior court to enforce their liens if they proceed for that
purpose at all.   It is convenient that the jurisdiction to enforce
the personal liability of any defendant, although the lien fails,
should be upheld in such cases if the constitution permits; we
regret that we have not been favored with a brief presenting
the views of respondents on the question.

The cumulation of the several claims in one action we take
to be a false quantity in the case; if the court has no jurisdic-
tion to render personal judgment under such circumstances on
one demand less than three hundred dollars in amount, then
the aggregation of any number of similar, but independent, de-
mands of different plaintiffs cannot confer jurisdiction; for, of
course, the judgment, if rendered, must be several in favor of
each plaintiff.   The cases of *Larrieux v. Crescent City etc. Co.*,
30 La. Ann. 609, and *Louisiana etc. R. R. Co. v. Hopkins*, 33
La. Ann. 806, explained somewhat in *Succession of Justus*, 47
La. Ann. 304, are much in point; and see *Derby v. Stevens*, 64
Cal. 287; *Thomas v. Anderson*, 58 Cal. 99.   If, then, Miller, for
instance, had sued alone to enforce the lien claimed for the
amount due him from defendants—which he alleged to be the
sum of two hundred and eight dollars and fifty cents, and which
the court found to be one hundred and fifty-eight dollars and
eighty cents—the question is whether the court had power, the
lien being defeated, to render judgment against defendants per-
sonally for the latter sum.

It is in the exercise of its jurisdiction in equity that the su-
perior court entertains suits to enforce the liens of mechanics
and others provided for in the present statute. (*Curnow v.
Blue Gravel Co.;* 68 Cal. 262; *Brock v. Bruce*, 5 Cal. 279.)   In
those courts where the sphere of equity remains distinct from
that of law, if a complainant fails to establish at the trial the
allegations of his bill which, on their face, appear to entitle him
to some equitable relief, the rule is to dismiss his suit, although
he may prove also that he has a demand cognizable at law; the
reason being that the court is without jurisdiction to proceed
further.   Accordingly, in a suit in a federal circuit court to
foreclose a mortgage, made to secure a promissory note, the
proof at the trial showed that the mortgage was invalid, and it
was held that the court, sitting in equity, had no power to

render judgment for the sum due on the note, and should dismiss the bill without prejudice. (*Dowell v. Mitchell,* 105 U. S. 430.) To similar effect are *Kramer v. Cohn,* 119 U. S. 355; *Rose v. West,* 50 Ga. 474; *Gamage v. Harris,* 79 Me. 531, and cases cited; Daniell's Chancery Practice, 6th Am. ed., \*555, \*630, and notes. Of course, that rule can have no general application under our system, where law and equity are amalgamated and administered in but one form of action and in the same tribunal; with us it is nothing uncommon to render judgment for money due to the lien claimant from a defendant personally liable to him, although the lien itself fails of enforcement. (*Kennedy-Shaw Lumber Co. v. Priet,* 113 Cal. 291; *Lacore v. Leonard,* 45 Cal. 394; Boisot on Mechanics' Liens, sec. 653.) But in no such instance to which our observation has extended did it appear that the pecuniary demand involved was less than the court had jurisdiction to consider in an action founded on that alone; and the rule in equity illustrated by *Dowell v. Mitchell, supra,* and other cases above cited, is certainly not more peremptory than the provision of the constitution which forbids the superior court to take cognizance of an action at law to recover money less than three hundred dollars in amount. We must hold, therefore, that since the right of the superior court to entertain the present action arose solely from the incident of the liens and the foreclosure asked, then, on proof and findings at the trial that no lien existed, the court was without jurisdiction to give judgment for money against the defendants.

We do not overlook the principle that in ordinary legal actions the so-called *ad damnum* clause of the complaint, when stated in good faith (*Fix v. Sussung,* 83 Mich. 561; 21 Am. St. Rep. 616, and note), affords the test of jurisdiction, and, if the amount equals or exceeds three hundred dollars, the superior court obtains jurisdiction and may render judgment for any lesser sum the evidence may justify. (*Dashiell v. Slingerland,* 60 Cal. 653.) In such case, however, the money demand is the substantive ground of jurisdiction, and the relief allowed does not differ in kind from that prayed for; it is the larger demand which is litigated—not alone the part of it which is recovered. But in the present case the sum of money involved

is not the substantive ground on which the jurisdiction of the superior court rests in any degree; the jurisdiction must be supported, if at all, on a mere incident of the debts claimed by the plaintiffs respectively, viz., the lien and the equitable remedy of foreclosure, and since the lien fails and the court can administer no equitable relief whatever, it must logically follow that the residue of the action—a dispute concerning money less than three hundred dollars in amount—can no longer engage the attention of the court.

It may be added that there was no evidence of any indebtedness of the defendants to the plaintiffs jointly; the finding of the court on which followed the judgment that plaintiffs together recover the sum of six hundred and fifty-two dollars was, therefore, without support.

The order denying a new trial should be reversed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed.

McFarland, J., Temple, J., Henshaw, J.