[S. F. No. 6321.   Department One.—March 17, 1914.]

RANSOME-CRUMMEY COMPANY (a Corporation), Appellant, v. J. A. MARTENSTEIN, Trustee et al., Defendants; GEO. B. CROOKS, Defendant and Respondent.

MUNICIPAL CORPORATIONS—LIEN FOR STREET WORK—ACTION TO FORE-CLOSE—JURISDICTION.—In an action to foreclose a lien for street work wherein one of the defendants had contracted, as the then owner of the land, to have the work done, the complaint does not fail to allege a cause of action within the jurisdiction of the superior court because the utmost relief to which the plaintiff is entitled as against such defendant is a personal judgment for one hundred and sixty-five dollars.

ID.—DISMISSAL AS TO ONE DEFENDANT—JURISDICTION AS TO OTHER.—Nor is the jurisdiction of the court lost, as against such defendant, because of the dismissal of the action as to the other defendant on account of his nonappearance and the failure to have summons returned within three years after the commencement of the action.

ID.—FORECLOSURE OF MECHANIC'S LIEN — JURISDICTION OF SUPERIOR COURT.—The superior court, in an action brought in good faith to foreclose an asserted mechanic's lien, has jurisdiction, upon finding against the claim of lien, to render a personal judgment against a defendant personally liable for the amount for which the lien was claimed, although such amount is less than three hundred dollars.

ID.—JURISDICTION OF COURT—TEST.—The test of the jurisdiction of the court is ordinarily to be found in the nature of the case as made by the complainant and the relief sought.

ID.—EQUITY JURISDICTION — FACTS EXISTING AT COMMENCEMENT OF SUIT.—The rule is almost absolute that the jurisdiction of equity is to be determined by the facts existing when the suit is commenced.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Snook & Church, for Appellant.

W. C. Webb, for Respondent.

ANGELLOTTI, J.—This action is one against defendant Martenstein, trustee, alleged to be the owner of certain land, for the foreclosure of an alleged lien for street work done by plaintiff in front of and adjoining such land, and against defendant Crooks, who is alleged to have made the contract for the work, as the then owner of the land, for one hundred and sixty-five dollars, the amount due plaintiff for such work. The complaint shows that on July 29, 1907, Crooks parted with all his interest in the land by conveying the same to Martenstein, trustee. The recitals of the judgment show that the action was commenced on June 6, 1908; that only the defendant Crooks appeared therein, and that on March 20, 1912, when the action came on for trial, no return showing service of summons had been made in the action. Defendant Crooks moved the court for a dismissal of the action on the ground that the court had no jurisdiction of the subject of the action, and the court having received certain testimony subject to such objection of want of jurisdiction, thereafter rendered judgment of dismissal. The judgment reads, in part, as follows:

"And the court having fully considered the matter, and it appearing to the court that the action was commenced on the 6th day of June, 1908, and that only the defendant, George B. Crooks, has appeared therein and that no return of service of summons has been made therein, and that the only relief asked in the action against the defendant, George B. Crooks, is a personal judgment in the sum of one hundred and sixty-five dollars ($165.00);

"Now, therefore, the court upon its own motion and upon the motion of the defendant, George B. Crooks, does hereby order, adjudge and decree that this action be, and the same is hereby dismissed; and that said defendant have and recover of and from the plaintiff the costs of suit incurred by him herein, taxed at the sum of $......"

We have here an appeal by plaintiff from such judgment and from an order denying its motion for a new trial.

The complaint stated a cause of action within the jurisdiction of the superior court even as to defendant Crooks, notwithstanding that the utmost relief against him to which plaintiff was entitled under the allegations of the complaint was simply a personal judgment for an amount less than three hundred dollars, viz.: $165. This was because the action, being one in part for the foreclosure of a lien on the property of Martenstein for the debt of Crooks, was a suit in equity, and because of the rule that when a court of equity once obtains jurisdiction of a case it will decide the whole case as between the parties and not leave any part of it for future litigation. And it is now settled in this state that the superior court, in an action brought in good faith to foreclose an asserted mechanic's lien, has jurisdiction, upon finding against the claim of lien, to render a personal judgment against a defendant personally liable for the amount for which the lien was claimed, although such amount is less than three hundred dollars. (*Becker* v. *Superior Court,* 151 Cal. 313, [90 Pac. 689].) And as said in the case just cited, "the test of the jurisdiction of the court is ordinarily to be found in the nature of the case as made by the complainant and the relief sought." There can be no question, in view of the opinion in the Becker case, that if Martenstein had appeared in this action or had been regularly served and failed to appear, and the court had concluded that plaintiff was not entitled to a lien, the court nevertheless would have had jurisdiction to give a personal judgment against Crooks for any amount due from him to plaintiff on account of the claim alleged in the complaint, notwithstanding it was less than three hundred dollars.

By reason, however, of the nonappearance of Martenstein, and the failure to have summons returned within three years after the commencement of the action, the action was prac-

tically at an end so far as he was concerned, for section 581a of the Code of Civil Procedure substantially provides that an action must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, "unless summons shall be served and return thereon made within three years after the commencement of said action." Did this fact oust the court of jurisdiction of the action in so far as Crooks was concerned, the utmost recovery possible against him being a personal judgment for an amount of money less than three hundred dollars? The question is one not entirely free from doubt, but we think in view of what we have already said and the discussion in the Becker case, that it should be answered in the negative. It is said that "the rule is almost absolute that the jurisdiction of equity is to be determined by the facts existing when the suit is commenced." (16 Cyc. 113.) Jurisdiction of the whole subject matter having attached by reason of the allegations of the complaint and the relief demanded therein, it appears to logically follow, in view of what is said in the Becker case, that the court could proceed to the end and give such judgment on the merits as it found plaintiff entitled to as to Crooks, within the limits, of course, of the case made by the complaint against him. The action cannot be treated, as suggested by respondent, as one originally brought against Crooks alone for a mere money judgment. It was not such an action. It was an action in equity brought against Crooks and Martenstein, in which plaintiff failing to show any right against Martenstein, would nevertheless be entitled, under our decisions, to a personal judgment against Crooks. That he failed as against Martenstein for the reason we have stated, instead of some other reason, such as inability to present proper proof of the existence of a lien, does not, we think, affect the question.

It may properly be noted that we have no suggestion in this case of any assertion in bad faith of an unfounded claim for the purpose of bringing the case within the jurisdiction of the superior court, a matter referred to in *Becker* v. *Superior Court*, 151 Cal. 313, [90 Pac. 689], as having some relevancy in determining whether jurisdiction actually exists. Here, as there, there is nothing to show that the plaintiff was not seeking in good faith to foreclose a lien claimed by it.

The judgment and order denying a new trial are reversed, and the cause remanded for proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.