(No. 38858.—

THE PEOPLE OF THE STATE OF CALIFORNIA, Appellee, *vs.* WESTERN TIRE AUTO STORES, INC., Appellant.

*Opinion filed May 20, 1965.*

FREEMAN, FREEMAN & HAAS, of Chicago, (ADOLPH L. HAAS, of counsel,) for appellant.

ARTHUR B. SACHS, of Chicago, (LEONARD GORDON and DAVID F. BROWNE, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The State of California filed a petition in the circuit court of Cook County for registration of a judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1963, chap. 77, par. 88 *et seq.*). The judgment sued on had been recovered in California against Western Tire Auto Stores, Inc., an Illinois corporation, for accrued California sales taxes and penalties. The circuit court gave summary judgment for the plaintiff, over defendant's objections that there had been no tax liability and that the California court lacked jurisdiction. Defendant appeals directly to this court, a constitutional question being involved.

The California action was brought in 1962, in the superior court of Sacramento County. It alleged a sales tax liability accruing during the period from January 1 to March 31, 1955. The defendant corporation, a nonresident of that State neither doing business there nor licensed to do so, was summoned on substituted service pursuant to statute. It did not appear, and judgment was entered against it for $17,587.59.

Affidavits in opposition to the motion for summary judgment show that on or about May 1, 1953, defendant had purchased from Gamble-Skogmo, Inc., a Delaware corporation, all the furniture, fixtures and equipment located in the latter's retail stores and warehouses in some 22 States, including California, that defendant thereupon leased the assets to Gamble-Skogmo at a fixed rental until January 31, 1955, at which time it reconveyed them back

to that corporation, and that the latter transaction is the subject of the alleged tax liability for which the suit was brought. Defendant contends that under California tax law the transaction was clearly exempt as an "occasional sale." It is then argued that since there was no tax liability the California court "was totally without jurisdiction of the subject matter." It is also urged that under the language of the procedural statute jurisdiction on substituted service can be acquired only in cases of actual tax liability, and that since none appears here the California judgment was void for lack of personal jurisdiction.

Neither argument has merit. As for the claim that jurisdiction over the subject matter was absent it is a sufficient answer to point out that there is nothing to show the California superior court was not authorized to hear sales tax cases. Jurisdiction of the subject matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. Whether a complaint does or does not state a cause of action is of no importance insofar as this question is concerned, nor does jurisdiction depend upon the rightfulness of the decision. (*Baker* v. *Brown,* 372 Ill. 336; *O'Brien* v. *People ex rel. Kellogg Switchboard and Supply Co.* 216 Ill. 354.) The rule is no different in California. Jurisdiction is the power to hear and determine the cause (*Pacific States Sav. & Loan Co.* v. *Superior Court,* 217 Cal. 517, 19 P.2d 977), and the test of its presence is to be found in the nature of the case as made by the complaint and the relief sought. *Ransome-Crummey Co.* v. *Martenstein,* 167 Cal. 406, 139 Pac. 1060; *Becker* v. *Superior Court,* 151 Cal. 313, 90 Pac. 689.

The objection that jurisdiction over the person was lacking must also be rejected. Section 1018 of the California Code of Civil Procedure provides that every foreign corporation which "incurs any liability to the State of California under any tax law of the State" shall file with the Secretary

of State a designation of an agent for service of process, and that in the absence of such designation service of process shall be made by delivery to the Secretary of State, who shall thereupon notify the corporation by telegraph and forward a copy of the summons and complaint by registered mail. (18 West's Annotated California Codes 476-478). No claim is made that the statutory requirements were not satisfied in the California lawsuit, or that timely notice was not in fact received. Although defendant had never appointed an agent for service of process, it is not disputed that process was duly served upon the Secretary of State, and that defendant received telegraphic notice as well as copies of the summons and complaint.

The defendant's contention is evidently based upon a literal reading of the statutory language, which would require liability to be established before nonresidents could be brought in on substituted service. No California authority has been cited construing the provision in this manner, nor do we think we can reasonably consider such to have been the intention of the California legislature. In *Nelson* v. *Miller,* 11 Ill.2d 378, this court rejected an argument of a similar nature, urged with regard to the Illinois statute. A Wisconsin defendant was sued here for a tort allegedly committed in Illinois by one of his employees. He was served in Wisconsin under our "long arm" provision authorizing out-of-state service as to any cause of action arising from "the commission of a tortious act within this State." He contended that before such service could be upheld under this statute it was necessary to prove, as a matter of substantive law, that an actual tort liability existed. In disagreeing we pointed out that the statute is concerned not with liability but with the place where the action is to be tried, and that the statutory requirements are met if the complaint states a cause of action arising from the acts performed here.

This, we think, is the sensible construction of the Cali-

fornia statute. When read in the light of its purpose the Code of Civil Procedure, in referring to foreign corporations which incur tax liability, means foreign corporations against whom a tax liability has been alleged. Since there is no claim here that the California complaint is defective it is unnecessary to decide whether a technical failure to properly allege a cause of action for tax liability would be enough to defeat service under the statute.

The question remains whether defendant's relation to the State of California was sufficient to satisfy constitutional requirements for *in personam* jurisdiction. It has long been held that in addition to provisions for timely notice and a fair opportunity to be heard, the constitution requires that a defendant or his activities have some connection with the State of the forum, before a personally binding judgment can be entered against him. This requirement is thought to arise from territorial limitations on the State's power, and however fair and convenient the forum may be as the place for trial it will have no jurisdiction in the absence of some "contact" by defendant with the State. See *Hanson* v. *Denckla*, 357 U.S. 235, 251, 2 L. ed. 2d 1283.

In the case at bar we think the test is satisfied by the admitted facts that defendant owned personal property in the State, and that its dealings with that property gave rise to the alleged liability sued on. The situation is similar to that in *International Shoe Co.* v. *Washington*, 326 U.S. 310, 90 L. ed. 95, where a foreign corporation was held amenable to suit for unemployment compensation taxes, although it had no office in the State, made no contracts there, and had no agent for service of process. The company had maintained salesmen there of limited authority, who were compensated by commissions. They solicited orders which were subsequently filled by the shipment of shoes into the State, and the tax for which the suit was brought was alleged to have arisen out of those activities. In hold-

ing them sufficient to justify subjecting the corporation to suit in that State the court said "to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." 326 U.S. at 319, 90 L. ed. 2d at 104.

These observations apply, *a fortiori*, to the defendant in the case at bar, whose California assets and dealings therewith enjoyed the benefits and protection of the laws of that State. This is the test to be applied in determining whether contact with the State is sufficient to support jurisdiction (*Gray* v. *American Radiator and Standard Sanitary Corp.* 22 Ill.2d 432), and its application in the present case can hardly be said to work an unfair result. A person who knowingly acquires, owns, or sells property situated in the forum State has no cause to complain about being required to defend claims there which arise out of his own dealings with it.

We conclude that the California court is not shown to have been without jurisdiction in the case, and that its judgment must be accorded full faith and credit. It follows that the merits of the claim for taxes are not open to inquiry here. It is beside the point to argue, as defendant does, that the California court erred in finding a tax liability. The sole question here is one of jurisdiction, which we hold was present. As we observed in *Baker v. Brown,* 372 Ill. 336, "the power to decide includes the power to decide wrong," and even if the judgment were conceded to have been erroneous it is as binding as a correct one until reversed or set aside in the manner provided by law. In *Milwaukee County* v. *M. E. White Co.* 296 U.S. 268, 80 L. ed. 220, suit on a foreign judgment for taxes was resisted by contending that

no action on the original tax obligation could have been maintained in the forum. It was held that even assuming the courts of one State are not required to entertain a suit to recover taxes levied under the statutes of another, they must nevertheless give full faith and credit to foreign judgments for such taxes. Said the court: "A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis." 296 U.S. at 275, 80 L. ed. 227.

In the case at bar no triable issue of fact was before the circuit court of Cook County, and it did not err in entering summary judgment for plaintiff. The judgment will be affirmed.

*Judgment affirmed.*