## DAVID KAWANANAKOA and JONAH KALANIANA-OLE, Administrators of the Estate of Kapiolani, deceased, *v.* L. K. PUAHI.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 8, 1902.    DECIDED FEBRUARY 21, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

K. employed P. "as collector and clerk to collect her rents, settle and pay bills, pay her servants and generally to attend to her domestic financial concerns under her order and direction and from time to time to make due and proper accounts thereof." P.'s employment in that capacity continued for two years and more, at the end of which time she was discharged by K. P. then instituted an action at law against K. for compensation alleged to be due her for her services. Shortly thereafter K. brought a suit in equity against P. for an accounting as to the moneys received and paid out by P. on K.'s behalf.

Held, that P. was a *quasi*-trustee for K. and that a fiduciary relation existed between the parties, that under the circumstances the court of equity properly took jurisdiction to determine the state of the account between them and that in so doing it took jurisdiction of matters not then before the court of law.

If jurisdiction has once been properly assumed, a court of equity may retain it throughout the litigation until full justice has been done between the parties, even though in so doing it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction. Equity in this case properly retained jurisdiction to determine the issues of compensation and of the lawfulness of the agent's discharge and other incidental questions and properly enjoined the prosecution of the action at law.

Under the circumstances stated, P. was not entitled to a trial by jury under Section 3, Art. 6 of the Constitution of 1894 in force at the date of the institution of these proceedings.

OPINION OF THE COURT BY PERRY, J.

This is a proceeding in equity instituted by Kapiolani on May 7, 1896. The original complainant having since deceased, the administrators of her estate were substituted as parties complainant. Shortly prior to the date above named, the present respondent had brought an action at law against the original complainant wherein she claimed a certain sum of money as commissions for collecting for Kapiolani the sum of $41,484.73. The present suit was then commenced, a part of the relief prayed for being that the prosecution of the action at law be enjoined.

The material averments of the bill are, in brief, that in October, 1893, Kapiolani employed the respondent "as collector and clerk to collect her rents, settle and pay bills, pay her servants and generally to attend to her domestic financial concerns under the order and direction of the petitioner, and from time to time to make due and proper accounts thereof"; that respondent entered upon the performance of her said duties and continued therein until January, 1896, when she was discharged for the reason that she did not properly and faithfully perform her duties; that respondent did not make a true and faithful return of all her collections; that, although requested so to do, she has failed to render an account of her collections and disbursements; that she has produced certain books and memoranda which are erroneous and do not agree with subsequent claims and statements made by her and which she has refused to explain; that respondent has filed an action at law against complainant, now pending in the Circuit Court of the First Circuit, for compensation for services rendered in collecting the sum of $41,484.73 and that the books produced show that respondent has charged herself with only the sum of $34,153.18; that the accounts in the matter extend over a long period and are extended and complicated and involve the misconduct of the respondent. The prayer is for an accounting, for an order to respondent to produce all memoranda and papers relative to the matter and to

pay over to complainant any balance found to be due and for an injunction as above stated.

The bill was demurred to on three grounds: (1) that the Court has no jurisdiction of the subject matter of the action, (2) that the complainant does not state facts sufficient to constitute a cause of action because the discovery sought can be obtained in the action at law, and (3) that the complaint is ambiguous, unintelligible and uncertain. The Court below overruled the demurrer and, after the filing of an answer denying material averments of the bill, appointed, on November 6th, 1896, a referee, authorizing and directing him to examine the account presented by the respondent with her answer, to examine witnesses on oath, and to report his findings on said account. The referee filed a report on May 20th, 1897, and on the 7th of August following a supplementary report. Upon a motion to confirm and upon exceptions, the court confirmed these reports with certain modifications ordered by it, and also heard the evidence on and determined the question of the contract for compensation and of the complainant's right to discharge the respondent. Finally, after reference to a Master to compute the amounts due between the parties upon the referee's reports, and the court's modifications and findings, a decree was entered, adjudging the sum of $84.05 to be due by the complainant to the respondent upon a settlement of all matters arising between them with reference to the services and transactions in question, making perpetual a temporary injunction theretofore issued restraining the prosecution of the action at law, and settling the matter of costs and fees. From that decree the case comes to this Court on appeal.

It is not sought on this appeal to have this Court review any of the findings of fact made by the referee or by the Court below. The main point relied upon in support of the appeal is that the demurrer should have been sustained on the ground of lack of jurisdiction, the argument being that under Section 3, Article 6 of the Constitution of 1894, in force at the date of the institution of these proceedings, the respondent was entitled

to a trial by jury on the questions of the lawfulness of her discharge, her liability for acts done by other agents during her temporary illness, and the amount of compensation due her, and that the court of law having first taken jurisdiction of the matter, the court of equity, which is at best a court of concurrent jurisdiction in such cases, should not have interfered or ousted the court of law of jurisdiction.

The applicable portion of the section of the Constitution referred to is as follows: "Subject to such changes as the Legislature may from time to time make in the number of jurors for the trial of any case, and concerning the number required to agree to a verdict and the manner in which the jury may be selected and drawn, and the composition and qualifications thereof, the right of trial by jury in all cases in which it has been heretofore used, shall remain inviolable except in actions for debt or assumpsit in which the amount claimed does not exceed one hundred dollars."

The action at law, as appears from the records herein, was solely for compensation. Assuming that, under the facts and in view of the nature of the account, it would have been competent for the defendant in that case, in addition to matters of defense, strictly speaking, which it might have to the claim for compensation, to plead and prove by way of set-off the amount due her by Puahi of moneys collected and not accounted for, still it was not obligatory on her to do so. It would have been optional with the defendant in that action to follow one course or the other and if she had chosen to merely defend and not .plead a set-off, she would not have been barred by such failure to plead from subsequently suing in some appropriate proceeding for the amount of the set-off. The court of equity, then, in assuming jurisdiction to determine the state of the account between the parties with reference to the amounts collected and to those paid out by the respondent as agent, took jurisdiction of matters not then before the court of law.

Leaving aside, for the moment, the question of compensation, equity had jurisdiction to ascertain the state of the accounts

between the parties. Section 1498 of the Civil Laws of 1897 (Statute of 1878) provides that our courts of equity may hear and determine "suits upon accounts when the nature of the account is such that it can not be conveniently and properly adjusted and settled in an action at law." It is conceded that the accounts in the case at bar are long and complicated and the record shows them to be such. If any account can come within the class designated in Section 1498, this is certainly one of them. However this may be, the jurisdiction can clearly be supported on another ground. The facts stated in the bill and proven by the evidence show that the respondent, in the employment in question, occupied the position of a *quasi*-trustee for her principal and that a fiduciary relation existed between the parties. In such a case, the principal may maintain a bill in equity against the agent for an accounting. See *Fowler & Co. v. Catton et alt.*, 13 Haw. 487. In the decision in that case this Court quoted with approval from Pomeroy's Eq. Jur. the following language: "The principal difficulty is as to when equity will take jurisdiction of an accounting between principal and agent. The mere relation of principal and agent without more—the relation not being fiduciary in its nature, and no obstacle intervening to a recovery at law—is insufficient to enable a principal to maintain the action against his agent. * * * But where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction;" and from *Marvin v. Brooks*, 49 N. Y. 75-76: "The equitable jurisdiction has always rested largely upon such relation of confidence, involving the need of discovery and the duty of explanation." The averments of the bill were "that the plaintiff is a resident of London, England; that it made defendants the sole agents for the Hawaiian Islands, and entrusted to them large quantities of its goods for sale on commission with authority to sell the same, and to collect the money therefor; that the defendants have in their possession unaccounted for a large sum of plaintiff's money

so received; that said account is still open, unpaid and unsettled; that the knowledge relative to the amount of sales and money due is peculiarly within the defendant's knowledge." The Court, referring to a concession by counsel that, if the defendants had been authorized to reinvest or otherwise use the proceeds of sale of the property, a relation of trust and confidence would have existed between the parties, remarked that "this additional authority, it seems, would only make clearer the relation of the parties", i. e., as one of trust and confidence. The case at bar is a stronger one in that it contains the additional element there referred to and which was missing in the Fowler case, to wit, of authority in the agent to settle bills and to use the moneys collected in the settlement and payment thereof and in payment of servants' wages and otherwise.

The question of the respondent's liability for acts done by other agents during her illness was merely an incidental one, necessary to be determined in connection with and as a part of the accounting. As to the lawfulness of respondent's discharge and her right to compensation and the amount thereof, it is well settled that, if jurisdiction has once been properly assumed a court of equity will, as a general rule, retain it throughout the litigation until full justice has been done between the parties, even though in so doing, it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction. See Bispham's Eq., p. 53; 11 Am. & Eng. Encycl. Law, 2nd ed., 201; *Bellinger v. Lehman,* 103 Ala. 385 (15 So. 600); and *McDaniel v. Lee,* 37 Missouri 204-207. There was no necessity to remand the parties to a court of law for a determination of any of these questions.

Our courts of equity had this jurisdiction prior to the promulgation of the Constitution of 1894. Under the circumstances stated, this was not a case where trial by jury could have been theretofore demanded as of right. Defendant has not been deprived by these proceedings of any constitutional right granted under the section referred to.

It is also contended by respondent in her brief that the Master

erred in failing to pass upon the question of her liability for the acts of one Kanakanui during her illness; but beyond the mere statement of the claim, no showing of error is made. We do not feel called upon, under the circumstances, to search the record for matter tending to establish that the alleged error was in fact committed and that it was prejudicial.

Other points suggested in oral argument have not been referred to in the brief and must be regarded as abandoned.

The decree appealed from is affirmed.

*Kinney, Ballou & McClanahan* for complainant.

*J. A. Magoon* and *T. I. Dillon* for respondent.