WADE WARREN THAYER, Trustee in Bankruptcy of C. T. Amana, v. A. LIDGATE.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED NOVEMBER 24, 1902.    DECIDED DECEMBER 26, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The Circuit Court of this Territory and the Circuit Judges in Chambers have jurisdiction of actions at law and suits in equity brought by trustees in bankruptcy to recover money or other property transferred by the bankrupt to third parties in fraud of the Federal Bankruptcy Act before the institution of the proceedings in bankruptcy, and should exercise such jurisdiction when occasion arises, at least in the cases in which the Federal Court for this

Territory has not jurisdiction. *Bardes v. Hawarden Bank*, 178 U. S. 524, followed.

A trustee's remedy is by an action at law and not by a suit in equity, when the sole relief sought is the recovery of money so transferred by the bankrupt.

### OPINION OF THE COURT BY PERRY, J.

This is a bill in equity the averments of which are as follows: That C. T. Amana, of Paauilo, Hawaii, was, on or about July 12, 1901, in the United States District Court for this Territory duly adjudged a bankrupt upon the petition of creditors filed June 24, 1901; that thereafter the complainant was duly elected the Trustee in Bankruptcy of said Amana, and ever since has been and now is the duly qualified and acting trustee; that within four months prior to the filing of the petition in bankruptcy, to wit, on or about May 23, 1901, Amana, in consideration of certain indebtedness of his to respondent, paid to the said respondent certain sums of money amounting in all to $1,765.00; that at that time Amana was insolvent and in making the payments intended thereby to prefer the debt of respondent over the debts of his other creditors; that the effect of the transfer was to enable the respondent to obtain from Amana a greater percentage of the debt than could be obtained by any of the other creditors; that at that time respondent had reasonable cause to believe that Amana intended to so prefer his debt; that respondent now claims to be rightfully entitled to retain the money so paid as part payment of the debt due him and, although requested, refuses to pay over to the complainant said sum.

To this bill the respondent demurred on the grounds, (1) that the Circuit Court of the Fourth Circuit has no jurisdiction of the subject matter of the suit, but that the District Court of the United States for this Territory has jurisdiction and is the proper tribunal to hear and determine the matter, and (2) that complainant's remedy is at law, that he is not entitled to relief

in a court of equity and that the bill does not state facts sufficient to constitute a cause of action.

The court below sustained the demurrer and dismissed the bill, on the ground, as we understand its opinion, that the District Court of the United States for this Territory has jurisdiction and that the Circuit Judge has not, and that even if the Circuit Judge has jurisdiction he is at least vested with the discretion to either exercise it or decline to do so as he may see fit and that, having such discretion, he declines, as a matter of courtesy, to hear the suit and leaves it to the "exclusive jurisdiction" of the federal court. From a decree in conformity with that opinion, the cause comes by appeal to this Court.

1.   Whatever difference of opinion may have formerly existed on the subject, it is now settled that a District Court of the United States, as such, cannot, except by the proposed defendant's consent, entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or other property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy. *Bardes v. Hawarden Bank,* 178 U. S. 524 (1900). The precise question was involved in that case and fully considered and passed upon by the court. Where, as in this Territory, (see Section 86 of the Organic Act) the District Court of the United States is also given, by statute, the powers of a Circuit Court, it may be that the first mentioned court would have jurisdiction over suits of of the class just referred to provided there was a sufficient jurisdictional amount and the requisite diversity of citizenship existed, or the case arose under the Constitution, laws or treaties of the United States. Section 23, a, Bankruptcy Act; *Bardes v. Hawarden Bank, supra.* The case at bar, however, is not within those exceptions. The District Court of this Territory, even with its enlarged powers, cannot, otherwise than by the defendant's consent, take jurisdiction over this suit.

Has the Territorial Circuit Court or its judge in Chambers jurisdiction of the subject matter of this case? Section 23, b, of the Act of 1898 provides that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose

estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." Referring to this clause, the court, in *Bardes v. Bank, supra,* p. 537, said: "Had there been no bankruptcy proceedings, the bankrupt might have brought suit in any state court of competent jurisdiction," or, under certain circumstances, in a Circuit Court of the United States. So, too, in the case at bar, had there been no bankruptcy proceedings, the Territorial Courts would have had jurisdiction to entertain a suit brought by Amana to recover the property in question. If it should be contended that section 23, b, cannot apply to a case like the present one because the bankrupt could not have brought a suit to set aside a transfer made by himself in fraud of his. creditors, that point, also, was decisively disposed of in the *Bardes* case, the court saying, at p. 537: "But the clause concerns the jurisdiction only, and not the merits of a case; the forum in which a case may be tried, and not the way in which it must be decided; the right to decide the case, and not the principles which must govern the decision. The bankrupt himself could have brought a suit to recover property, which he claimed as his own, against one asserting an adverse title in it; and the incapacity of the bankrupt to set aside his own fraudulent conveyance is a matter affecting the merits of such an action, and not the jurisdiction of the court to entertain and determine it."

Our Circuit Courts have, under section 1144 of the Civil Laws, jurisdiction of "all civil causes at law, except as otherwise expressly provided," and the Circuit Judges in Chambers, under section 1145, "to hear and determine all matters in equity," both with certain limitations stated in Act 56 of the Laws of 1898. None of the exceptions or of the limitations referred to are applicable to this case. Nor did the Organic Act in establishing (section 86) a Federal District Court for the Territory, with jurisdiction over all "bankruptcy proceedings," (sections 1 and 2, Act of 1898) repeal those provisions, so far, at least, as the class of cases now under consideration is concerned. The

distinction between, on the one hand, an action at law or a suit in equity by a trustee against a third party to recover property which was the subject of a voidable preference and, on the other, "bankruptcy proceedings," within the meaning of the Act, is treated of in the *Bardes* case. Unaffected, then, by the Organic Act, our statutes clearly authorize the Circuit Court of the Fourth Circuit and its Judge in Chambers to hear, respectively, any civil action at law or suit in equity brought by a person, prior to bankruptcy, to recover property which he claims as his own against one asserting an adverse title to it, and, consequently, any such action or suit brought by the trustee of such person, after bankruptcy, to recover property of the bankrupt alleged to have been transferred under circumstances such as to constitute a voidable preference.

2. It remains to consider whether the complainant's remedy is at law or in equity. If the facts stated in the bill are true, Amana gave a preference which was voidable by the trustee and the latter may recover from the respondent the property transferred or its value. The property consists simply of a sum of money, definite and ascertained. No accounting is required, as prayed for. The only other ground upon which it is claimed that equity can take jurisdiction, is that of fraud. It is contended that courts of equity will take cognizance of all cases of fraud; but this is not strictly so. There are well-recognized exceptions. "To give relief in cases of fraud is one of the elementary grounds of the jurisdiction of a court of equity. An eminent chancellor has declared that the court 'had an undoubted jurisdiction to relieve against every species of fraud.' * * * If this general language be understood to assert, that the jurisdiction extends to all possible cases in which a court of law may give relief, it must be received with some limitation. For the jurisdiction arose out of the inability of the common law tribunals to afford plain and adequate remedies in certain cases. The general rule has ever prevailed, and been recognized in the formal part of every bill, that a court of equity will not entertain jurisdiction, when the party appears to have a plain and adequate remedy at law." *Woodman v. Freeman*, 25 Me.

531, 540. In that case, after an exhaustive examination of the authorities, the conclusion was stated to be "irresistible both upon principle and upon authority, that the jurisdiction of a court of equity to give relief by the assessment of damages," where that is the sole relief sought by the bill and there is a plain, complete and adequate remedy at law, "cannot be sustained." See also *Miller v. Scammon*, 52 N. H. 609; 14 Am. & Eng. Encycl. Law, 2nd ed., 174, 175.

The complainant in this case has a plain, complete and adequate remedy at law. An action of assumpsit for money had and received will lie. All that he seeks or that can be decreed in this suit is the recovery of the money paid or the value thereof and this he can as fully obtain by a judgment in an action at law. No voidable deed, mortgage or other muniment of title is claimed to be outstanding, which can cloud his title or embarass him in proceedings at law, or which a court of equity might more effectively render harmless.

In our opinion the trustee's remedy is at law and not in equity, and for this reason the demurrer is sustained and the decree appealed from affirmed.

*Smith & Parsons* and *Thayer & Hemenway* for complainant.

*Mott-Smith & Matthewman* and *Ridgway & Ridgway* for respondent.