## TERRITORY *v.* NEVENCIO GAMAYA.

### No. 1274.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.

HON. L. L. BURR, JUDGE.

SUBMITTED JULY 20, 1920.      DECIDED JULY 22, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

CRIMINAL LAW—*former jeopardy.*

> Where the jury found the accused not guilty of the offense charged but of a lower one which is included in it and upon an appeal from that judgment by the accused a reversal is had in the appellate court the accused can again be tried for the greater offense set forth in the indictment.

SAME—*same.*

> Neither the court nor the jury is limited upon a new trial to a consideration of the question of the guilt of the lower offense of which the accused was convicted on the first trial, but the reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been.

SAME—*same.*

> The accused by his own action has obtained a reversal of the whole judgment and upon a new trial he may be proceeded against as if no trial had previously taken place.

### OPINION OF THE COURT BY COKE, C. J.

This cause comes here from the circuit court of the second judicial circuit on a writ of error. The cause was formerly before us on a writ of *habeas corpus.* (See *In re Gamaya, ante* p. 414, where the facts in detail are to be found.) It was held by us that in order to sustain the conviction of the defendant for an indecent assault the female child upon whom the assault was alleged to have been committed must have been at the time of the assault under the age of twelve years. The record now before us discloses that the female was over the age of twelve years, to wit, the age of nineteen years, and the prosecuting officer has filed herein a confession of error in which he consents to the verdict and judgment based thereon being set aside and asks that a new trial be ordered. The attorney for defendant-plaintiff in error insists, however, that in view of the fact that the defendant was by the jury found not guilty of the crime of rape and the further fact that this court must hold that he cannot be convicted of the lesser crime he should be ordered discharged because of his former jeopardy.

The question thus presented is whether upon an indictment for a greater offense, the jury having found the accused not guilty of the offense charged but of a lower one which is included in it, and upon an appeal from that judgment by the accused a reversal is had in the

appellate court, the accused can be again tried for the greater offense set forth in the indictment or must the trial be confined to the offense of which the accused has previously been convicted and which conviction upon his own motion has been set aside and reversed by the higher court.

This question has given rise to much diversity of opinion in the various state courts. The Supreme Court of the United States in *Trono* v. *United States,* 199 U. S. 521, after discussing both views of the question, disposes of it in the following language: "In our opinion the better doctrine is that which does not limit the court or jury upon a new trial to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been. The accused by his own action has obtained a reversal of the whole judgment, and we see no reason why he should not upon a new trial be proceeded against as if no trial had previously taken place. We do not agree to the view that the accused has the right to limit his waiver as to jeopardy when he appeals from a judgment against him. As the judgment stands before he appeals it is a complete bar to any further prosecution for the offense set forth in the indictment or of any lesser degree thereof. No power can wrest from him the right to so use that judgment, but if he chooses to appeal from it and to ask for its reversal he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense contained in the judgment which he himself procured to be reversed."

It is true there is a strong dissent voiced by Mr. Justice McKenna and concurred in by the Chief Justice and Mr. Justice White from the majority opinion in the

*Trono* case. If we were at liberty to adopt either of the divergent views expressed in the *Trono* case we might follow the doctrine announced in the dissenting opinion, but we have no such choice and are bound by the opinion of the Federal Supreme Court which requires us to merely set aside the verdict of conviction and the judgment entered thereon and to remand the cause to the lower court for a new trial, and it is so ordered.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*E. Murphy* for defendant.