## S. W. NAWAHIE v. GOO WAN HOY, ALIAS G. W. AHOY.

### No. 1302.

CROSS-APPEALS FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. S. B. KEMP, JUDGE.

ARGUED JULY 29, 1921.                DECIDED AUGUST 22, 1921.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J., DISQUALIFIED.

EQUITY—*finding of trial judge—weight.*

The rule in this jurisdiction is that while the findings of fact by a circuit judge in an equity case are not conclusive upon the supreme court yet where such findings depend upon the credibility of witnesses and the weight of conflicting testimony such findings are entitled to great weight.

SAME—*jurisdiction.*

Where a party seeks by a bill in equity to establish and foreclose a mortgage and fails to prove the existence of the mortgage but proves an indebtedness from the respondent to him, Held, that there being no equities in the cause the court loses jurisdiction and cannot render a money decree for the amount of the debt and that the bill should be dismissed without prejudice.

SAME—*same.*

Where equitable relief is sought and along with it also secondary or alternative relief of a legal nature if the suit fails

entirely as to the equitable relief sought the court cannot retain the case on the equity side for the purpose of administering relief purely legal in its character.

SAME—*same.*

In this jurisdiction the distinction between law and equity as recognized and maintained in the early chancery courts of England and by the federal courts of the United States is clearly defined in section 2473 R. L. 1915.

SAME—*same—objection to jurisdiction.*

It is undoubtedly true that the objection that the complainant has an adequate remedy at law ought to be made seasonably and under some circumstances an objection if taken *in limine* would be worthy of attention but if not so taken may be considered as waived.

SAME—*same—same.*

But if the want of equity in the case does not come to light until the final decision the court should not hesitate to dismiss the bill although the question of jurisdiction is presented for the first time in the appellate court.

### OPINION OF THE COURT BY COKE, C. J.

These appeals bring into review the decree of the circuit judge of the first judicial circuit entered in the above cause. The complainant S. W. Nawahie brought suit in equity to establish and foreclose a mortgage which he alleged was executed by the respondent Goo Wan Hoy to secure the payment of $1700 which complainant claimed he loaned to respondent on or about the 10th day of December, 1915. It is alleged in complainant's bill that a note and mortgage were duly executed by respondent to complainant for the amount of the loan and that the mortgage was then left by the complainant with respondent and one Aona Akina to be filed by them for record but that they failed to file the mortgage for record and have also failed and refused to return the mortgage to complainant; that the complainant is the legal owner of said mortgage and that the debt secured thereby is unpaid except that the sum of $30 was paid thereon. It

is further alleged that the mortgage covered two certain pieces of property, one situated at Kalihi and the other on School street, both located in the city of Honolulu and owned by respondent. The respondent in his answer denied that he executed either the note or mortgage and further denied that he was the owner of the Kalihi property above referred to. Some additional and minor issues were raised by the answer which may properly be passed because not involved in these appeals.

After hearing many witnesses and taking a large mass of testimony the court below found from the evidence that the complainant had failed to sustain his allegation that the respondent had executed or promised to execute the alleged mortgage. The court, however, did find that the respondent had borrowed $1700 of the complainant and had executed his promissory note therefor and that complainant was entitled to a money judgment against respondent for the principal sum together with interest thereon amounting in all to $1978. A decree was entered accordingly. From this decree both parties have appealed.

The respondent in his appeal questions the authority of the court below after having determined the equities in the bill against complainant to give complainant a money judgment against the respondent for the amount due on the note. The complainant in his appeal attacks the decree of the court below for the two-fold reason, first, that the court erred in finding from the evidence that the respondent neither executed nor promised to execute to the complainant a mortgage to secure payment of the indebtedness in question, and second, that the court committed reversible error in declining to hear testimony respecting the agreement to execute a mortgage covering the Kalihi property which at the time these proceedings were instituted was owned by a third person who was not made a party to the suit. Under paragraph 4 of the rules of this court the cross-appeals

were argued together as one case and will be considered and disposed of in a like manner in this opinion. For the sake of orderly sequence the questions brought up for review by the appeal of complainant will be first disposed of.

It is conceded that the School street property belonged to respondent Goo Wan Hoy and that the complainant was allowed the utmost latitude to establish if he could the existence of a mortgage or a promise to execute a mortgage pledging this property to secure the indebtedness of respondent to complainant.. On the other hand it appears from the record that at the date the suit was brought the Kalihi property was owned by Richard Goo and when the complainant offered to introduce evidence tending to show that this property was also included within the mortgage which he claimed Goo Wan Hoy executed or promised to execute the court rejected the offer of proof on the ground that the legal owner of the property had not been made a party to the suit and that there was no claim of collusion or fraud between him and Goo Wan Hoy. The complainant refused to implead the owner Richard Goo and made no claim that he had not purchased the property in good faith and for value. In fact it was admitted by counsel for complainant that Richard Goo paid $1650 as consideration for the property which was the amount of a mortgage thereon held by one W. G. Let, and no claim is made that he had any knowledge of any prior unrecorded mortgage between Goo Wan Hoy and the complainant or of any promise of Goo Wan Hoy to execute any mortgage affecting the property. Under these circumstances we think the court below committed no error in rejecting the evidence. Complainant insists that he should have been permitted to establish his mortgage on the Kalihi property in order to sell under his decree of foreclosure whatever right, title or interest Goo Wan Hoy may have had in the

property.   The answer is that in the absence of any
showing of fraud or collusion between Goo Wan Hoy and
Richard Goo or of any knowledge on the part of the
latter of the existence of an unrecorded mortgage Richard
Goo is to be deemed to be the exclusive owner of the
property and it follows that neither Goo Wan Hoy nor
any mortgagee claiming under him would have even an
equitable interest in the property and that no possible
right therein could pass to a purchaser under any decree
of foreclosure which might have been entered in this
suit.   Of course the rejected evidence would have been
perfectly competent and admissible had Richard Goo
been made a party to the suit under proper averments
in the bill of complaint.   Complainant cites *Merriman* v.
*Hyde,* 2 N. W. 218, as a parallel case.   Reference to the
brief opinion of the court in that case indicates that the
conveyance from the father to the son was without con-
sideration and while the grantee was a minor and that
it was with a fraudulent intent on the part of the
grantor to cheat plaintiff out of his security.   But in
that case, which was a suit against the minor to quiet
the title, the court remarked that the subject-matter of
the litigation ought to have been included and settled
in the foreclosure suit.

The other question presented by the complainant is,
Did the court below commit error in deciding from the
evidence that the complainant had failed to sustain his
averment that the respondent gave or promised to give a
mortgage to secure the payment of the debt in question?
The evidence respecting this issue is extremely volumin-
ous and is equally contradictory.   Upon this heteroge-
neous mass of evidence the trial court concluded, and so
held, that the complainant had failed to sustain the
affirmative of the issue by a preponderance of the evi-
dence and proceeded further to find that no mortgage
had been executed or promised by respondent to complain-

ant. The rule in this jurisdiction is that while the findings of fact by a circuit judge in an equity case are not conclusive upon the supreme court yet where such findings depend upon the credibility of witnesses and the weight of conflicting testimony such findings are entitled to great weight. *Sumner* v. *Jones,* 22 Haw. 391; *McCandless* v. *Castle,* 25 Haw. 22; *Moses* v. *Nobriga,* 25 Haw. 483. In view of the contradictory nature of the evidence we are unwilling to say that the circuit judge committed error or transcended his authority in determining the issue against complainant.

Now we pass to a consideration of the appeal of the respondent Goo Wan Hoy which presents a single clearcut and concise question, simple in its expression but involving a principle of law which is of more than usual practical importance to the bench and bar. Concisely stated it is, Where a party seeks by a bill in equity to establish and foreclose a mortgage and fails to prove the existence of the mortgage but proves an indebtedness from respondent to him may the court sitting in equity give the complainant a money decree for the amount of the debt? The complainant relies upon the rule announced by Mr. Pomeroy and supported by much respectable authority to the effect that where a court of equity has jurisdiction over a cause for any purpose it may retain the cause for all purposes and proceed to a final determination of all the matters at issue. See 1 Pom Eq. Jur. Sec. 181. Mr. Pomeroy in the above section goes on to say that "if the controversy contains any equitable feature or requires any purely equitable relief which would belong to the exclusive jurisdiction, or involves any matter pertaining to the concurrent jurisdiction, by means of which a court of equity would acquire, as it were, a partial cognizance of it, the court may go on to a complete adjudication, and may thus establish purely legal rights and grant legal remedies which would otherwise

be beyond the scope of its authority." This doctrine has the support of many of the state courts and some of the federal courts.

Perhaps the leading case supporting the above doctrine is *Waite* v. *O'Neil,* 72 Fed. 348, the opinion in which case was affirmed by the circuit court of appeals 76 Fed. 408. See also *Becker* v. *Superior Court,* 90 Pac. 689; *Hotchkiss* v. *Plaster Co.,* 23 S. E. 576; *Johnston et al.* v. *Bunn et al.,* 62 S. E. 341. We have only cited a few of the many cases which may be found holding to the same effect. It is to be observed, however, that in most of the jurisdictions where the courts have adopted this liberal rule the reform system of procedure prevails, that is to say, the distinction between law and equity has been abolished and accordingly legal and equitable claims may be blended together in one suit in a single court clothed with both jurisdictions of law and equity in combination and in this civil action legal and equitable primary rights, causes of action and defenses may be united and legal and equitable remedies may be obtained. It is worthy of note that in *Becker* v. *Superior Court, supra,* the court in commenting upon cases where the courts have announced the contrary rule points out that these cases arose in jurisdictions where equitable and legal remedies were not administered in the same tribunal and that in such jurisdictions legal and equitable claims cannot be blended together in one suit. *Becker* v. *Superior Court* was a California case and in that jurisdiction legal and equitable remedies may be pursued and granted in the same tribunal in a single action. A different rule obtains in the federal courts as well as in this jurisdiction. In *Scott* v. *Armstrong,* 146 U. S. 512, the court announced the federal rule to be that "the jurisprudence of the United States has always recognized the distinction between law and equity as under the Constitution, matter of substance as well as of form and procedure, and

accordingly legal and equitable claims cannot be blended together in one suit in the circuit courts of the United States." And in *Alger* v. *Anderson*, 92 Fed. 696, Judge Clark in commenting upon the above quotation from the *Scott* v. *Armstrong* opinion says: "It is a clear imputation, I think, from well-considered cases of the highest authority, that where equitable relief is sought, and along with it also secondary or alternative relief of a legal nature, if the suit fails entirely as to the equitable relief sought the courts of the United States cannot retain the case on the equity side for the purpose of administering relief purely legal in its character in substitution for the equitable relief." A case peculiarly parallel to the one at bar, and which we think is decisive of the question if we are to follow the Supreme Court of the United States, is *Dowell* v. *Mitchell*, 105 U. S. 430. In that case a surviving partner had executed a note for the debt of the firm and to secure its payment executed a mortgage on real estate which was in fact the individual property of the deceased partner. Foreclosure suit was brought against the surviving partner and the administrator and heirs of the deceased partner. So much of the bill as sought foreclosure was dismissed and decree rendered against the administrator and surviving partner for the amount due on the note purporting to be secured by the mortgage. The Supreme Court, after approving the finding of the court below to the effect that the mortgage was of no effect, said: "When this fact was established by the evidence, the court below, sitting as a court of equity, had no jurisdiction to proceed in the cause. There was nothing on which it could act but the promissory notes, and to enforce their payment the complainants had a plain, adequate and complete remedy at law. The rule is that where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot for defect of

proof or other reason, be granted, the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice. *Russell* v. *Clark,* 7 Cranch, 69; *Price's Patent Candle Co.* v. *Bauwen's Patent Candle Co.,* 4 Kay & J. 727; *Bailey* v. *Taylor,* 1 Russ. & M. 73; *French* v. *Howard,* 3 Bibb (Ky.), 301; *Robinson* v. *Gilbreth,* 4 id. 183; *Nourse* v. *Gregory,* 3 Litt. (Ky.), 378." *Dowell* v. *Mitchell* is cited with approval in *Kramer* v. *Cohn,* 119 U. S. 355.

In this jurisdiction the distinction between law and equity as recognized and maintained in the early chancery courts of England and by the federal courts of the United States is clearly defined. Section 2473 R. L. 1915 provides: "The several circuit judges may hear and determine in equity all cases hereinafter mentioned, when the parties have not a plain, adequate and complete remedy at the common law: \* \* \* And shall have full equity jurisdiction, according to the usage and practice of courts of equity in all other cases where there is not a plain, adequate and complete remedy at law." The federal rule is to the same effect.

The supreme court of Hawaii had the principle here involved before it in *Wilder* v. *Roland,* 6 Haw. 647. In that case the complainant attempted to foreclose a mortgage by a bill in equity and it developed at the trial that the mortgage was invalid. The court held that under those circumstances the petitioner's claim stood on its common law footing and could not be enforced in equity. See also *Kapuakela* v. *Iaea,* 9 Haw. 555; *Thayer* v. *Lidgate,* 14 Haw. 544. We consider this pronouncement, taken together with the decision of the Federal Supreme Court in *Dowell* v. *Mitchell,* controlling in this jurisdiction. See *Territory* v. *Gamaya,* 25 Haw. 581.

The petitioner makes the further point that even though admitting that the case was not one properly cognizable in a court of equity yet the respondent by failure to

interpose a plea to the jurisdiction in the court below thereby waived the point and that the objection comes too late when presented for the first time in this court. It is undoubtedly true that the objection that the complainant has an adequate remedy at law ought to be made seasonably and under some circumstances an objection if taken *in limine* would be worthy of attention, but if not so taken may be considered as waived. We think, however, in the present case the rule does not apply. The bill of complaint presented a clear case for the exercise of equity jurisdiction and the want of equity in the case did not come to light until the trial court announced its decision finding that no mortgage had been executed. Then for the first time was the status of the cause fixed as one devoid of equity. The same situation arose in *Dowell* v. *Mitchell, supra,* and the court in that case had no hesitation in dismissing the bill although the question of jurisdiction was presented for the first time in the appellate court. It was held in *Lewis* v. *Cocks,* 23 Wall. 466, that if the court upon looking at the proofs found none at all of the matters which would make a proper case for equity it would be the duty of the court to recognize the fact and give it effect though not raised by the pleadings nor suggested by counsel. To the same effect is *Oelrichs* v. *Spain,* 15 Wall. 211. See also *T., St. L. & N. O. R. R. Co.* v. *R. R. Co.,* 208 Ill. 623, 634. Indeed when the lack of jurisdiction appears the court may at any stage of the cause dismiss the bill *ex proprio motu.*

Our conclusions then are that so much of the decree of the court below which held that no mortgage had been promised or executed by the respondent to the complainant should be affirmed and the money judgment and decree made and entered against the respondent in favor of the complainant for the sum of $1978 should be reversed and set aside without prejudice to the right of complainant to institute in a court of law an action for

the recovery of the indebtedness shown to be due from respondent to the complainant. The cause is therefore remanded to the court below for further proceedings consistent with this opinion.

*A. G. Smith* and *H. R. Hewitt* (*Peters & Smith* on the brief) for complainant.

*Marguerite K. Ashford* (*W. B. Lymer* with her on the brief) for respondent.