BANK OF MOBERLY, RESPONDENT, v. WILLIAM LOGAN MEALS ET AL., APPELLANTS.*

Kansas City Court of Appeals. April 30, 1928.

*Corpus Juris-Cyc References: Assignments, 5CJ, section 25, p. 858, n. 75 section 73, p. 906, n. 97; section 140, p. 956, n. 57.

*Aubrey R. Hammett* for appellant.

*Willard P. Cave* for respondent.

WILLIAMS, C.—This case comes to us on appeal from the circuit court of Randolph county.

The facts show that one Logan Meals, executed and delivered to plaintiff an assignment of his future interest in the estate of his father, William J. Meals, the father being alive at the time. This assignment was executed in triplicate on May 10, 1921. One of the men, who afterwards became an executor of the estate of William J. Meals, was given a copy of the assignment. On December 25, 1924, William J. Meals died. Afterwards, to-wit, February 4, 1925, Logan Meals assigned his interest in the estate to R. Newton Meals. Logan Meals went into bankruptcy on June 2, 1924. The assignment of Logan Meals to plaintiff was for money borrowed. This assignment was made with the full knowledge of all the parties to this suit. The plaintiff bank proved up its claim against the bankrupt estate of Logan Meals but did not receive any dividends.

There had been prior litigation between the parties, and plaintiff herein had sued in the circuit court of Audrain county the following: —Roswald Meals, Logan Meals, May Meals, Otto Meals, J. Marvin Meals and Ernest Cottingham. This suit was decided for the defendants but on appeal was reversed. Judgment on this mandate was entered May 11, 1927.

The court found in favor of the plaintiff, and after an unsuccessful motion for a new trial, defendant R. Newton Meals, brings the case here on appeal.

The contest therefore, is between the Bank of Moberly and R. Newton Meals, and involves the validity of the two assignments.

The first question presented for consideration is whether or not the assignment of a future interest is valid. This question seems to have been put at rest by the case of Inlow v. Herren, 267 S. W. 893, wherein the Supreme Court quoted with approval from the case of Taylor v. Swafford, 122 Tenn., 303, as follows:

"That a conveyance, before the grantor has acquired the title, operates as an agreement to convey, which may be enforced in chancery between the parties and against purchasers with notice."

This seems to be conceded by the appellant, but he contends that the language of the assignment used was so indefinite that no par-

ticular property could be identified. However, an assignment, such as this, could not be more definite and still be operative. If he assigned his interest in the real estate it might have been converted into personal property. If the assignment was of personal property, it might have been converted into real estate. To carry out the idea of the Supreme Court that these interests are assignable, we have to hold that when they assign "all interest they have or in the future may inherit," the assignment is definite enough. Appellant cites the case of Klebba v. Mo. Merchaum Co., 257 S. W. 174. However, in that case it was not recited the mortgage covered all the corn to be grown. If, in the case at bar a partial assignment had been executed, Kleba v. Mo. Merchaum Co., supra, might be in point.

As Newton Meals, the appellant herein, took his assignment with full knowledge that Logan Meals had already assigned his interest, he could not be an innocent purchaser. And under the authority of Inlow v. Herren, supra, such assignments are enforceable to purchasers with notice.

No point as to estoppel is made in the brief of appellant by reason of the bankruptcy of Logan Meals. It is contended by appellant that the assignment should have been recorded. We think the case of Houser Richardson, 90 Mo. App. 134, on principle, is authority for holding that this assignment, to be valid, need not, under the circumstances of this case, be recorded.

The case of Summerset v. Cox, 33 Beaver 634, and also Johnstone v. Cox, L. R. 16, Ch. Div. 571, are cited as holding that notice of a charge upon a fund given to one before the fund comes into his possession, is not binding. We do not think on the facts, these cases are authority. In Summerset v. Cox, supra, it shows that at the time of the second assignment there was no notice of the first. The case of Johnstone v. Cox, supra, turns upon the question as to when an officer in "Her Majesty's service" is retired, and holds that he is not retired until the "retirement is gazetted."

There are twenty-three assignments of error in appellant's brief, most of them announcing correct abstract principles of law. We think, however, that the points we have discussed are decisive of the case. The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.