## BANK OF HAWAII *v.* Y. H. CHAR, WM. H. CROZIER, JR., JOHN G. DUARTE AND T. S. SHINN.

### No. 4015.

ARGUED JUNE 13, 1958.           DECIDED SEPTEMBER 25, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Appellants, John G. Duarte and T. S. Shinn, were endorsers of a promissory note in the principal sum of $25,000, made by Y. H. Char and Wm. H. Crozier, Jr., and payable to Bank of Hawaii.

The note was dated December 6, 1946, and was due three months after date, with interest at the rate of six per cent per year. Hereafter, wherever any mention is made of the note, the reference will be to that note.

On November 13, 1952, the bank filed an action at law on the note against the makers and the endorsers. At that time, no part of the principal had been paid; interest to June 6, 1947, had been paid on June 9, 1947; and the statute of limitation had not yet run against either the makers or the endorsers.

Before the filing of the action, the bank had obtained a judgment for $36,599.18 against Char and Crozier in an equity suit. That judgment included the principal and interest owing on the note. The equity suit was Equity No. 333 of the records of the Circuit Court of the Second Circuit, entitled, "Bank of Hawaii and Royal Indemnity Company, Petitioners vs. Y. H. Char and Wm. H. Crozier, Jr., individually and as co-partners doing business under the firm name of Char and Crozier, a registered co-partnership, Dorothy H. Char and Mary K. Crozier, Respondents." By a supplemental petition, Duarte was brought in as a respondent in the suit, but not because he was an endorser of the note. Shinn was not a party. Appellants' obligation as endorsers was not an issue in the suit.

On April 24, 1954, at a time when the statute of limitation would have run against Char and Crozier if no action had been pending against them, the bank discontinued the action against them and prosecuted it only against the appellants. The court below thereafter entered judgment against the appellants.

Appellants urge on this appeal that the court erred in entering the judgment against them because the discontinuance of the action against Char and Crozier discharged the latter from their obligation as makers and such discharge, in turn, discharged the appellants from their obligation as endorsers. They rely on section 120 (3) of the Uniform Negotiable Instruments Law, incorporated in R. L. H. 1955, § 197-120 (c), which provides for the discharge of a person secondarily liable by the discharge of a prior party. They take the position that the expression "discharge of a prior party" is not limited to discharge of a prior party by a voluntary act of the holder but includes discharge by operation of law, such

as by the running of the statute of limitation. They argue that when the bank discontinued the action against Char and Crozier, such discontinuance caused the statute of limitation to run against the latter, thereby causing their discharge by operation of law.

We think that the court below properly held the appellants liable as endorsers because, despite the discontinuance of the law action against them, Char and Crozier remained liable on the judgment against them in the equity suit.

A maker and an endorser of a note are severally, and not jointly, liable. (*Aiken* v. *Nance,* 28 Haw. 275.) Where a judgment is obtained against a person who is severally liable on a contract with another, the judgment is no bar to an action against the other, unless it has been entirely satisfied. (Annotation, Judgment against less than all parties to contract as bar to action against others, 1 A.L.R. 1601, 1625.) Thus, a judgment against a maker does not prevent an action against an endorser in case it is not paid. (*Petri* v. *Manny,* 99 Wash. 601, 170 Pac. 127.)

Appellants contend that the judgment in the equity suit did not bind Char and Crozier because the court, in that suit, had no jurisdiction to enter a judgment based on the principal of the note. Such contention is based on the premise that the suit, so far as the bank was concerned, was a proceeding for the foreclosure of mortgages; that in a proceeding for the foreclosure of a mortgage, the court has no jurisdiction to enter a judgment on an obligation which is not secured by any of the mortgages sought to be foreclosed. They cite *Nawahie* v. *Goo Wan Hoy,* 26 Haw. 137.

In the *Nawahie* case, this court held that where a party, by a bill in equity, seeks to foreclose a mortgage, and proves the existence of a debt but fails to establish the mortgage, the court loses jurisdiction over the cause and may not retain it for the purpose of entering a judgment for the debt, a relief which is purely legal in character.

In Equity No. 333, the bank sought a foreclosure of three chattel mortgages. Char and Crozier had given the mortgages to the bank after the execution of the note. The mortgages were given primarily to secure certain loans that were made after the note. But they also secured the payment of all amounts ":that may hereafter

be or become owing" by Char and Crozier to the bank. The quoted language was not broad enough to secure the principal of the note. It was, however, sufficient to secure the interest. Thus, the suit differed somewhat from the *Nawahie* case, where no part of the debt was secured by the mortgage. The court, in Equity No. 333, had the jurisdiction to enter judgment at least for the interest.

Whether a jurisdiction in equity to enter judgment for interest is sufficient to confer jurisdiction to enter judgment for the principal is a question that has not been previously decided by this court. We deem it unnecessary to resolve the question in this case because the jurisdiction of the court, in Equity No. 333, to enter judgment against Char and Crozier for both principal and interest may be supported on another ground.

Equity No. 333 was not simply a proceeding brought by the bank to foreclose mortgages. It was instituted jointly by the bank and Royal Indemnity Company upon the default by Char and Crozier in the performance of their contract with the Territory of Hawaii for the construction of a portion of Hana Belt Road on Maui and in the payment of their obligations to the bank which were incurred in the prosecution of the contract. Royal Indemnity Company was surety on the performance bond required of Char and Crozier in connection with the award of the road contract. In the suit, the bank sought the foreclosure of the mortgages, but, in addition thereto, the bank and the surety sought the appointment of a receiver to complete the road contract; the enforcement of their rights, under assignments from Char and Crozier, to the payments due from the Territory under the contract; and the entry of deficiency judgments against Char and Crozier in case the proceeds of foreclosure of the mortgages and payments from the Territory under the contract were insufficient to cover the obligations secured by the mortgages and the assignments.

The principal and interest of the note were secured by the assignment to the bank by Char and Crozier of the payments due under the road contract. The obligation of Char and Crozier to reimburse the surety for claims and losses in connection with the bond was also secured by a similar assignment, prior in date to the assignment to the bank.

The foreclosure of the mortgages, the appointment of receiver,

and the enforcement of the rights of the bank and the surety under the assignments were clearly matters of equitable cognizance, and the court granted the requested relief with regard to these matters. The proceeds of the foreclosure and the payments received under the road contract were insufficient to cover the obligations of Char and Crozier to the bank and the surety which were secured by the mortgages and the assignments. Thus, the court entered deficiency judgments in favor of the bank and the surety.

In Equity No. 333, the court had clear jurisdiction to enter the deficiency judgment for the unpaid principal and interest of the note because such principal and interest were secured by the assignment. The deficiency judgment was entered on the same principle that authorizes entry of deficiency judgment in a proceeding for the foreclosure of a mortgage for the unsatisfied portion of the obligation secured by the mortgage. That principle is that where a litigation involves matters of equitable cognizance, the court will proceed to an adjudication of all matters in issue, including matters which are basically legal in character. (19 Am. Jur., *Equity*, § 129; 30 C.J.S., *Equity*, § 69; *Kawananakoa* v. *Puahi,* 14 Haw. 72, 77.) It is embodied in the maxim, "Equity delights to do justice and not by halves." In *Kawananakoa* v. *Puahi,* this court stated that "it is well settled that, if jurisdiction has once been properly assumed a court of equity will, as a general rule, retain it throughout the litigation until full justice has been done between the parties, even though in so doing, it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction."

The jurisdiction of a court of equity to enter a deficiency judgment in a mortgage foreclosure proceeding is unquestioned. (*Waterhouse Trust Company* v. *King,* 33 Haw. 1.)

Appellants' opening brief contained an argument that they were discharged as endorsers of the note because of diversion of security. The alleged diversion consisted of the acquiescence of the bank to the application of the payments from the Territory on the road contract to the satisfaction of obligations other than the obligation on the note. Upon motion of the bank, we struck the argument from the brief because the appellants had not raised the question at the trial. The rule that an appellate court will consider only such questions as were raised at the trial is well settled. (*Bank of*

*Hawaii* v. *Char,* 40 Haw. 463, 467; *Re Guardianship of H. K. Ward,* 39 Haw. 39, 46; *Ward* v. *Booth,* 197 F. [2d] 963, 968.)

Appellants urge that they are entitled to a consideration of the question on the ground that an appellate court, in order to do substantial justice, may examine the full record and decide matters not considered by the trial court, if such matters go to the merits of the cause and appear in the record. In *City and County of Honolulu* v. *Tam See,* 38 Haw. 592, 602, this court *sua sponte* exercised its statutory power to correct an error appearing patently in the record as a manifest error injuriously affecting the substantial rights of the appellant. Even if we assume that the question of diversion of security in the instant action comes within the rule stated in the *Tam See* case, we do not think that the question will affect the outcome of this case. The payments from the Territory on the road contract were applied on obligations secured by the assignment to the surety and not on the note. Appellants contend that the assignment to the bank was entitled to priority over the assignment to the surety because the Territory was notified of the former and acknowledged it, while no notice was given to the Territory of the assignment to the surety. The rule with regard to successive assignments is that, if a later assignee has notice of prior assignment, his right is subordinate to that of prior assignee irrespective of which assignee first gives notice of assignment to the debtor. (*Klebb* v. *Struempf,* 224 Mo. App. 193, 23 S. W. [2d] 205; *Bank of Moberly* v. *Meals,* 222 Mo. App. 862, 5 S. W. [2d] 1113.) The evidence in the equity suit is that the bank had knowledge of the prior assignment to the surety.

Affirmed.

*Robert G. Dodge (Heen, Kai, Dodge & Lum, Enos Vincent* and *O. P. Soares* with him on the briefs) for appellants.

*Richard E. Stifel (Anderson, Wrenn & Jenks,* and *H. B. Kidwell* with him on the briefs) for appellee.